UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

DWAYNE ANTHONY JOHNSON,

        Plaintiff,                          Case No. 1:17-cv-200

v.                                                 Honorable Janet T. Neff

THOMAS MACKIE et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim. Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 3) and motion for guidance (ECF No. 6) will be denied.

**Factual Allegations**

Plaintiff Dwayne Anthony Johnson is presently incarcerated at the Oaks Correctional Facility (ECF) in Manistee, Michigan. Plaintiff was transferred to ECF on October 5, 2016, and placed in administrative segregation for a major misconduct of "incite to riot or strike." (Compl., ECF No. 1, PageID.3.) Plaintiff reports that the Security Classification Committee has informed him that he will be confined in administrative segregation for at least one year. (*Id.*)

Plaintiff complains of two problems he has experienced at ECF. First, he complains that he is allergic to the stick/gel deodorant permitted in administrative segregation.[1] Plaintiff wanted a powder/talc deodorant, but possession of the talc conflicted with custody rules for segregation prisoners. (*Id.*, PageID.8.) Second, Plaintiff complains that one or more of the Defendants has failed to provide him more than ten sheets of typing paper per month for legal work. Plaintiff indicates he requires much more paper and that he is forced to choose between writing letters to friends and family or using the ten sheets of paper for legal work. (*Id.*, PageID.14-15.)

Plaintiff claims that Defendants' refusal to permit powder/talc deodorant or to provide more than ten sheets of paper violates Michigan Department of Corrections (MDOC) policies as well as Plaintiff's constitutional rights. Plaintiff asks the Court to declare that Defendants' actions or failure to act violated Plaintiff's constitutional rights, to issue preliminary and permanent injunctive relief ordering Defendants to provide or permit Plaintiff to purchase and possess powder/talc deodorant and more paper.[2]

---

[1] Plaintiff's allergic reaction is a itching, burning rash with bumps. (Compl., ECF No. 1, PageID.6-7.)

[2] Plaintiff asks the Court to order Defendants to permit Plaintiff to purchase more paper; however, there does not appear to be a limit on the amount of paper Plaintiff can purchase and/or possess.

**Discussion**

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff does not identify the constitutional protections abridged by Defendants; but, presumably he contends that Defendants' failure to provide his powder/talc deodorant violates the Eighth Amendment's protection against cruel and unusual punishment and Defendants' failure to provide adequate paper to permit Plaintiff to prepare and submit pleadings violates the First Amendment guarantee of access to the courts.

    II.   <u>Eighth Amendment claim</u>

    The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that

criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff's Eighth Amendment claim that he has been deprived of powder/talc deodorant is frivolous. Plaintiff does not allege that his ability to wash and keep himself clean was impaired in any way. The use of deodorant does not improve or impair cleanliness; its usefulness is merely cosmetic. Defendants' denial of deodorant therefore did not result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also James v. O'Sullivan*, 62 F. App'x 636, 639 (7th Cir. 2003) (holding that the denial of a comb, deodorant and cleaning supplies cannot be said to have jeopardized a prisoner's health); *Harris v. Horel*, No. C 06–7761 SBA, 2009 WL 2761339, at *3–4 (N.D. Cal. Aug. 31, 2009) (denial of shampoo, lotion, deodorant, television and reading material for over one-and-one-half years did not offend the Eighth Amendment); *Jordan v. Flowers*, No. 06 C 6333, 2008 WL 5211552 (N.D. Ill. Dec. 9, 2008) (lack of deodorant does not state a sufficiently serious condition that implicates a constitutional concern); *Crump v. Janz*, No. 1:10–cv–583, 2010 WL 2854266, at *4 (W.D. Mich. Jul. 19, 2010) (holding complaint failed to plead an Eighth Amendment violation where inmate asserted "lack of deodorant, toothbrushes, toothpaste, postage, typing and carbon paper, and legal envelopes for 35 days"); *Mitchell v. Kalamazoo Cnty. Sheriff's Dept.*, No. 1:14-cv-824, 2014 WL 7330974 at *6 (W.D. Mich.

Dec. 19, 2014) ("The jail's failure to provide additional free items, such as deodorant, body lotion, wash cloths, underwear and socks does not constitute the denial of the 'minimal civilized measure of life's necessities.'"). Accordingly, Plaintiff has failed to state a claim for violation of the Eighth Amendment based on denial of deodorant.

### III. First Amendment claim

Plaintiff contends that the Defendants' failure to provide him sufficient paper has interfered with his right to access the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Here, Plaintiff does not contend that Defendants have denied him all paper; rather, he contends that they have denied him <u>enough</u> paper. Plaintiff specifically requested 200 sheets of paper "for legal research, writing and preparation of documents relating to [Plaintiff's] pending litigation and filing of appeal towards [his] misconduct." (Compl., ECF No. 1, PageID.4.) Plaintiff's appeal of his misconduct does not "attack his sentences, directly or collaterally, [or]

challenge the conditions of [his] confinement." *Lewis*, 518 U.S. at 355. Accordingly, "[i]mpairment of [that] litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* Defendants' failure to provide paper in support of that effort does not violate the First Amendment.

Moreover, Plaintiff has not alleged any "actual injury" to his ability to litigate in *Johnson v. Besteman*. There is nothing in the docket of that case that suggests Plaintiff has failed to make a necessary filing since his transfer to ECF. In fact, Plaintiff has had sufficient paper (approximately 80 sheets) to timely file this action. Thus, Plaintiff has failed to show that any non-frivolous claim has been lost or that he has been unable to present any non-frivolous pending claim.

Although Plaintiff may desire more paper than Defendants have provided, he has failed to demonstrate that the paper limitation has impaired his constitutionally guaranteed litigating capacity. *See, e.g., Taylor v. Hesson*, No. 89-5526, 1990 WL 5884 at *1 (6th Cir. Jan. 29, 1990) (court affirmed trial court's dismissal as frivolous a request for injunctive and monetary relief where plaintiff alleged "that he had been denied access to the courts . . . when he had requested two hundred sheets of typing paper and received only twelve."); *Umar v. Burkett*, No. 92-8256, 1993 WL 241481 at *1 (5th Cir. Jun. 15, 1993) ("The right of access to the courts does not guarantee an infinite quantity of supplies on demand."). Accordingly, he has failed to state a claim for violation of his First Amendment rights.

    IV.    <u>Violations of MDOC policies</u>

Plaintiff alleges that Defendants' actions (or failures to act) also violate MDOC policies. Defendants' alleged failures to comply with an administrative rule or policy do not themselves rise to the level of constitutional violations. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th

Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff's complaint presents claims under state law, this Court declines to exercise jurisdiction over the state law claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  March 31, 2017                             /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   United States District Judge